UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER A. SPHAR AND
HEATHER N. SPHAR,

      Plaintiffs,

v.

AMICA MUTUAL INSURANCE
COMPANY,

      Defendant.

_____/

CASE NO. 6:16-CV2221-ORL-31-TBS

2016 DEC 27  PM 3:20
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

FILED

## NOTICE OF REMOVAL

Petitioner/Defendant, AMICA MUTUAL INSURANCE COMPANY ("Amica"), by and through their undersigned counsel, and pursuant to 28 U.S.C.A. §§ 1332, 1441, and 1446(b), hereby files this Notice of Removal to the United States District Court, Middle District of Florida, Orlando Division, for the cause of action presently pending in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case No.: 2016-CA-10091-O and styed: Christopher A. Sphar and Heather N. Sphar v. Amica Mutual Insurance Company. As grounds in support of this Notice of Removal, the following is stated:

1.    This case is properly removable due to diversity of citizenship between Plaintiffs and Defendant.

2.    Venue is properly in the Orlando Division of the Middle District of Florida. Pursuant to M.D.L.R. 1.02(b)(3), this case has been filed in State Court

in Orange County.   Therefore, the Orlando Division is the proper Court for removal of this case.

3.     The Respondent/Plaintiffs, CHRISTOPHER A. SPHAR AND HEATHER N. SPHAR (referred to collectively as "Plaintiffs"), at all times material hereto, including at the time of filing their Complaint in Orange County, Florida, as well as at the time of this Removal, were citizens and residents of the State of Florida.

4.     Amica, at all times material hereto, at the time of filing the Complaint, and at the time of this Removal, was and is a foreign corporation organized under the laws of the State of Rhode Island.   To determine the citizenship of a corporation for purposes of ascertaining diversity jurisdiction, the Court looks to: (1) the state of incorporation; and (2) the state where the corporation has its principal place of business.  28 U.S.C. § 1332(c)(1).  Although a company may conduct business in multiple places, the Supreme Court has recently determined that the "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 91-94 (2010) (establishing the "nerve center" test as uniform approach for determining corporate citizenship).   A copy of Amica's corporate filing with the State of Florida, showing the principal place of business, is attached hereto as Exhibit "A."

5.     This Notice of Removal is founded and based upon complete diversity of citizenship jurisdiction between all parties pursuant to 28 U.S.C.A. §

1332 and 28 U.S.C.A. § 1441, *et seq.* There is complete diversity of citizenship between Plaintiffs and Amica. Plaintiffs and Amica are not residents or citizens of the same state.

6.    Amica has filed with the Clerk of the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, Florida, a true and correct copy of the Notice to State Court Clerk of Removal of Case to Federal Court pursuant to 28 U.S.C.A. § 1446(d). A copy of the Notice to State Court Clerk of Removal of Case to Federal Court is attached hereto as Exhibit "B."

7.    Amica was properly served through its Florida Registered Agent on Decedmber 14, 2016. A copy of the Summons served upon Amica is attached hereto as Exhibit "C." Amica has filed no responsive pleadings in the State Court action.

8.    A copy of the original Complaint filed by Plaintiffs in the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, Florida, Case No.: 2016-CA-10091-O, is attached hereto as Exhibit "D."

9.    This Notice of Removal is being timely filed within thirty (30) days from December 14, 2016, the date upon which the Summons was served upon Amica's Florida Registered Agent. There has been no waiver by Amica of its right to Remove this cause.

10.    There are no other Defendants to this action who have been sued other than Amica. Accordingly, there are no other Defendants upon which any consent to this Removal to the United States District Court needs to be obtained.

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 400 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810 - (321) 972-0000 (321) 972-0099 FAX

Additionally, Amica is the first and only Defendant who has been sued and served in this matter, and therefore is the only Petitioner/Defendant who is seeking Removal to the Middle District of Florida, Orlando Division.

11.     There are no pending motions or orders on file in the State Court action in Case No.: 2016-CA-10091-O.

12.     Amica has met its burden of proof by establishing by a preponderance of the evidence, as set forth below, that Plaintiffs' claim for damages exceeds $75,000, exclusive of costs and interest, the amount in controversy limits of this Court. Although Plaintiffs have not specifically alleged they seek damages in excess of $75,000, exclusive of costs and interests, from the Complaint they filed in State Court it is clear the facial allegations set forth in the Complaint confirm that Plaintiffs are seeking damages against Amica which exceed the minimum limitations of subject matter jurisdiction in this Court. If this averment by Amica is not accurate, then Plaintiffs should be required to stipulate on the record that they are seeking no more than $75,000 in damages, exclusive of costs and interest, from Amica.

13.     "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the

time the case was removed." *Id.*

14.     This is an action for benefits allegedly owed to Plaintiffs pursuant to an Uninsured/Underinsured Motorist insurance policy between Plaintiffs and Amica. The policy limits for the subject insurance policy are $500,000 per person and $1,000,000 per accident. As a result, it does not appear there is any dispute as to the fact that the amount in controversy exceeds the Federal Court jurisdictional amount.

15.     Plaintiffs allege in their original Complaint, attached hereto as Exhibit "D," that "[a]s a direct and proximate result of Rosalyn H. Macias' negligence, Plaintiff suffered bodily injury."

16.     Plaintiffs' counsel also sent correspondence to Amica on or about November 18, 2015, wherein Plaintiffs alleged total medical bills in the amount of $211,151.57 and made a demand for $500,000.00. A copy of this correspondence is attached hereto as Exhibit "E."

17.     Attached hereto as Exhibit "F" is a copy of the Civil Remedy Notice filed by Plaintiffs. The Civil Remedy Notice states "Mark Parzych, the adjuster assigned to this claim, was provided full information on damages, including all relevant medical records, operative reports and medical bills. The records and reports confirm that Mr. Sphar underwent a revision bilateral hemilaminectomy l5 with discectomy, S1 laminectomy, posterior spinal fusion, L5-S1, along with a lumbar interbody fusion. The injuries sustained also necessitate significant future

medical care.  Mark Parzych and Amica have nevertheless failed to extend any settlement offer."

18.     The Exhibits of the Plaintiff's demand letter and Civil Remedy Notice filed by Plaintiffs are attached solely for purposes of the Court viewing extrinsic evidence in its determination that the subject matter jurisdiction of this claim meets the minimum amount in controversy.

19.     Damages in excess of $75,000 are clearly being sought by Plaintiffs based upon any fair reading of the original Complaint.

20.     In addition, Plaintiffs have alleged the following damages: "permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life."   Further, Plaintiffs have alleged damages for "impairment of the services, companionship and consortium."  Finally, Plaintiffs allege they will suffer losses in the future.

21.     It is clear based upon the allegations set forth in the original Complaint, in its entirety, both in terms of economic and non-economic damages, that Plaintiffs' claims fully support a conclusion that they are seeking damages to be awarded in excess of the jurisdictional limits of this Court.  Therefore, subject

matter jurisdiction, even if Plaintiffs did not specifically allege $75,000 in the original Complaint, is clearly vested in this Court.

22.	Alternatively, Amica requests the Court to permit Amica to serve jurisdictional Requests for Admissions on Plaintiffs to either admit of deny whether they are seeking claims for damages in excess of the Court's minimum jurisdictional amount of $75,000, or for the Court to order Plaintiffs to stipulate whether they are seeking damages less than or greater than $75,000, exclusive of costs and interest.	Finally, this Court is otherwise requested to hold an evidentiary hearing pursuant to 28 U.S.C.A. § 1446(c)(5) to determine whether the subject matter jurisdictional amount has been met.

23.	The allegations set forth in this Notice of Removal are true and correct to the best of the knowledge and belief of the undersigned attorney.

24.	The undersigned counsel is Attorney of Record for Amica, and has been specifically authorized to act on behalf of Amica in seeking Removal of this cause of the United States District Court, Middle District of Florida, Orlando Division.	Further, the undersigned Counsel of Record is a fully licensed attorney in the State of Florida, and is authorized to practice in the United States District Court, Middle District of Florida.

**WHEREFORE**, the Defendant, AMICA MUTUAL INSURANCE COMPANY, hereby gives Notice of Removal and petitions this Court for the entry of an Order removing this cause from the Circuit Court for the Ninth Judicial Circuit, in and for Orange County Florida, to the United States District Court for

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 400 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810  -  (321) 972-0000 (321) 972-0099 FAX

the Middle District of Florida, Orlando Division. Amica further seeks as relief from this Court, in the event Plaintiffs contend that subject matter jurisdiction and/or the amount in controversy of $75,000, exclusive of interest and costs, is not present on this Record, the following:

1.      Ordering Plaintiffs and their attorneys to stipulate on the record that they are not seeking compensatory damages from Amica in an amount greater than $75,000, exclusive of interest and costs;

2.      Alternatively, for this Court to permit Amica to serve Requests for Admissions on Plaintiffs to establish whether they are or are not claiming damages in excess of $75,000, exclusive of interest and costs, as a result of his claim for uninsured/underinsured motorist benefits against Amica;

3.      Alternatively, for this Court to hold an evidentiary hearing whereby both Plaintiffs and their attorneys would be required to present evidence to the effect that they are not seeking damages in excess of $75,000, exclusive of interest and costs.

Respectfully submitted on this 27th day of December, 2016.

/s/ David R. Evelev
DAVID R. EVELEV
Trial Counsel
FBN: 869170
MICHAEL J. MERRILL
FBN: 0084488
Attorneys for Defendant
1900 Summit Tower Blvd.
Suite 400
Orlando, FL 32810
Telephone: (321) 972-0032
Facsimile: (321) 972-0099
Primary Email:
david.evelev@csklegal.com
Secondary Email:
michael.merrill@csklegal.com
jessica.williams@csklegal.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronically filing with the Clerk of Court using CM/ECF on December 27, 2016, and by serving via electronic mail (email) to: efiling@toddminerlaw.com to **Mark R. Ahrens, Esquire**, Todd K. Miner, P.A., 915 Outer Road, Suite 100, Orlando, FL 32814.

s/ *David R. Evelev*
DAVID R. EVELEV
Trial Counsel
FBN: 869170
MICHAEL J. MERRILL
FBN: 0084488
Attorneys for Defendant
1900 Summit Tower Blvd.
Suite 400
Orlando, FL 32810
Telephone: (321) 972-0032
Facsimile: (321) 972-0099
Primary Email:
david.evelev@csklegal.com
Secondary Email:
michael.merrill@csklegal.com
jessica.williams@csklegal.com