UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER A. SPHAR and
HEATHER N. SPHAR,

    Plaintiffs,

v.                                Case No:   6:16-cv-2221-Orl-40TBS

AMICA MUTUAL INSURANCE
COMPANY,

    Defendant.

## ORDER

Pending before the Court is Defendant's Unopposed Motion to Compel Non-Party Roslyn Hernandez-Macias to Appear for Deposition and Contempt (Doc. 18). This case arises out of a motor vehicle accident in which Plaintiff Christopher A. Sphar was allegedly struck by Roslyn Hernandez-Macias (Doc. 2). Plaintiff and his wife filed a complaint against Defendant Amica Mutual Insurance Company, claiming that Hernandez-Macias was an uninsured motorist (Id.). Hernandez-Macias is not a party to this suit. According to the motion, on February 14, 2017, Amica served Plaintiff with a Notice of Taking Deposition of Hernandez-Macias (Doc. 18-1). The deposition was scheduled for March 15, 2017 at 1:00 p.m., to occur in Tampa, Florida (Id.). On February 15, 2017, Amica represents that Hernandez-Macias was served with a subpoena for deposition and a copy of the Notice of Taking Deposition (Doc. 18-2). No objection or motion for protective order was filed by Hernandez-Macias and "despite proper service," Hernandez-Macias failed to appear for deposition (Doc. 18 at 2). Amica seeks an Order

compelling Hernandez-Macias to appear for his deposition, and awarding Amica its reasonable attorney's fees and costs associated with this motion.

One of the requirements of Fed. R. Civ. P. 45 is that subpoenas "set out the text of Rule 45(d) and (e)." These rules cover, *inter alia*, the avoidance of undue burden or expense, objections, motions to quash or modify a subpoena, the procedures for producing documents or electronically stored information, and the withholding of information claimed to be privileged. The subpoena served on Hernandez-Macias was invalid because it did not include the text of Rule 45(d) and (e). See Kimbrough v. City of Cocoa, No. 6:05CV 471 ORL 31KRS, 2006 WL 3412258, at *1 (M.D. Fla. Nov. 27, 2006) (subpoena "invalid" for failing to set out the text of the provisions in the previous version of the Rule).

Pursuant to Rule 45(b)(1): "Serving a subpoena requires delivering a copy *to the named person* and, if the subpoena requires that person's attendance, *tendering the fees for 1 days attendance and the mileage allowed by law.´* Fed. R. Civ. P. 45(b)(1) (emphasis added). "[S]ervice under Rule 45(b)(1) must be personal to the named individual." In re Matter Under Investigation by Grand Jury No. 1, No. 10-81252-MC, 2011 WL 761234, at *2 (S.D. Fla. Feb. 24, 2011) (collecting cases and concluding that authority in this circuit suggests that a Rule 45 subpoena must be personally handed to the non-party witness). Amica's return of service states that the subpoena was served on a "co-resident." And, there is no indication that witness fees and mileage were tendered with the subpoena. "The rule is clear that a witness is entitled to the fees before appearance is compelled." Klockner Namasco Holdings Corp. v. Daily Access.Com, Inc., 211 F.R.D. 685, 687 (N.D. Ga. 2002).

For these reasons, the motion is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on May 24, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties