UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER A. SPHAR and
HEATHER N. SPHAR,

    Plaintiffs,

v.                                       Case No: 6:16-cv-2221-Orl-40TBS

AMICA MUTUAL INSURANCE
COMPANY,

    Defendant.

## ORDER

This case comes before the Court without oral argument on Defendant's Unopposed Amended Motion to Compel Non-Party Royslan Hernandez-Macias to Appear for Deposition and Contempt (Doc. 25).

Defendant noticed the taking of non-party Royslan Hernandex-Macias' deposition to occur at 1:00 p.m., on August 25, 2017, in Tampa, Florida (Doc. 25-1). Defendant caused a subpoena, copy of the notice of taking deposition, and a check for $62[1] to be personally served on Hernandez-Macias (Doc. 25-2). She failed to appear for her deposition and now, Defendant seeks an order holding Hernandez-Macias in contempt, compelling her to appear for deposition, and requiring her to pay Defendant's reasonable attorney's fees and costs associated with the motion (Doc. 25 at 4).

As the Court explained in its Order denying Defendant's original motion to compel Hernandez-Macias to appear for deposition, one of the requirements of FED. R. CIV. P. 45

---

[1] The check was intended to cover the fee for one day's attendance, mileage as allowed by law, and parking costs (Doc. 25 at 2).

is that subpoenas "set out the text of Rule 45(d) and (e)." These rules cover, *inter alia*, the avoidance of undue burden or expense, objections, motions to quash or modify a subpoena, the procedures for producing documents or electronically stored information, and the withholding of information claimed to be privileged.

The subpoena served on Hernandez-Macias states that the provisions of F$_{\text{ED}}$. R. C$_{\text{IV}}$. P. 45(c), (d), (e), and (g) are attached (Doc. 25-2 at 4). But, those attachments are missing from the exhibit. Consequently, it appears that service on Hernandez-Macias was once again, invalid. See, Kimbrough v. City of Cocoa, No. 6:05CV 471 ORL 31KRS, 2006 WL 3412258, at *1 (M.D. Fla. Nov. 27, 2006 (subpoena "invalid" for failing to set out the text of the provisions in the previous version of the Rule).

For this reason, the motion is **DENIED without prejudice**. Defendant may renew the motion if it can show that the referenced provisions of F$_{\text{ED}}$. R. C$_{\text{IV}}$. P. 45 were actually attached to the subpoena served on Hernandez-Macias.

**DONE** and **ORDERED** in Orlando, Florida on September 6, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record